ORIGINAL



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PREMIUM INCOME CORP.,<br>INFOREX, LTD.,<br>TRI-FOREX INTERNATIONAL LTD.<br>also known as<br>INTERNATIONAL FOREX COMPANY,<br>GERALD LEO ROGERS,<br>also known as<br>JAY ROGERS and JAY RODGERS, and<br>ALEXANDER IGOR SHEVCHENKO,<br><br>Defendants. | CASE NO.<br><br>MC 05 - 37<br><br>3-05 CV 0476 M<br><br>STATUTORY EX PARTE RESTRAINING ORDER FREEZING ASSETS, PRESERVING BOOKS AND RECORDS, AND APPOINTING TEMPORARY RECEIVER, AND ORDER TO CONDUCT EXPEDITED DISCOVERY<br><br>Certified a true copy of an instrument on file in my office on 3-4-05<br>Clerk, U.S. District Court,<br>Northern District of Texas<br>By _____ Deputy |

Plaintiff United States Commodity Futures Trading Commission ("CFTC") has filed a complaint for permanent injunction and other relief, and moved (1) pursuant to Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1, for a statutory *ex parte* restraining order freezing assets, preserving books and records, allowing access to books and records, and appointing a temporary receiver; and (2) in accordance with Federal Rules of Civil Procedure 26(d) and 30(a), an *ex parte* order authorizing the CFTC to conduct expedited discovery in advance of the date specified in Federal Rule of Civil Procedure 26(f) and Local Rule 26.1.

The Court having considered the pleadings, declarations, exhibits, and memorandum filed in support of the CFTC's motion, finds that:



1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it will have jurisdiction over all parties;

2. Section 6c of the Act, 7 U.S.C. § 13a-1, authorizes the *ex parte* relief sought;

3. There is good cause to believe that the defendants have engaged, are engaging in, and are about to engage in violations of the Act and the CFTC's Regulations; and

4. This a proper case for granting a statutory restraining order *ex parte* to preserve the status quo, to protect public customers from loss and damage, to enable the CFTC to fulfill its statutory duties, and for granting expedited discovery.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. The term "assets" means any legal or equitable interest in, right to, claim to, or control over, either directly or indirectly, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies, and all cash, wherever located.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. The term "defendants" means Premium Income Corp. ("PIC"), a corporation that was registered in the State of Wyoming on January 20, 2004, Inforex, Ltd. ("Inforex"), a

corporation that was registered in the State of Nevada on December 2, 2002, Tri-Forex International, Ltd. also known as Tri-Forex Ltd. and International Forex Company ("Tri-Forex"), Gerald Leo Rogers also known as Jay Rogers and Jay Rodgers ("Rogers"), and Alexander Igor Shevchenko ("Shevchenko"), and any person or entity insofar as they are acting in the capacity of an officer, agent, servant, employee or attorney of PIC, Inforex, Tri-Forex, Rogers, or Shevchenko, and any person or entity who receives actual notice of this Order by personal service or otherwise insofar as they are acting in concert or participation with PIC, Inforex, Tri-Forex, Rogers, or Shevchenko.

## RELIEF GRANTED

### *Asset Freeze*

### I.

**IT IS HEREBY ORDERED** that defendants, except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly:

    A.    transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held by or on behalf of the defendants within or outside the United States, and including both existing assets and assets acquired after the effective date of this Order including, but not limited to, funds in accounts in the name of defendants or controlled by defendants at Asia Europe Americas Bank ("AEA Bank"), J.P. Morgan Chase Bank ("Chase Bank"), Bank One, Saxo Bank, and Synthesis Bank; and

    B.    opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by any of the defendants.

Notwithstanding the provisions of this Paragraph, the defendants shall immediately transfer possession of all assets of the defendants to the Receiver pursuant to the provisions of this Order.

## II.

**IT IS FURTHER ORDERED** that within five (5) business days following the service of this Order, defendants shall provide the CFTC and the Receiver with a full accounting of all funds and other assets within the United States which are held by them, for their benefit, or under their direct or indirect control, whether jointly or singly;

## III.

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset of any defendant, or has held, controlled, or maintained custody of any account or asset of any defendant at any time since January 1, 2004, shall:

- A. Prohibit the defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court or, as to receivership assets, as directed by the Receiver appointed herein;

- B. Deny the defendants and all other persons access to any safe deposit box that is:
    - 1. Titled in the name of any defendant, either individually or jointly; or
    - 2. Otherwise subject to access by any defendant.

    Notwithstanding this Paragraph, the Receiver appointed herein shall be provided with access by any means necessary to any safe deposit box titled in the name of, or subject to access by, any of the defendants.

C. Provide the Receiver and counsel for the CFTC, within five (5) business days of receiving a copy of this Order, with a statement setting forth:

1. The identification number of each such account or asset titled in the name of any of the defendants, individually or jointly, on behalf, or for the benefit, of any of the defendants;

2. The balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3. The identification of any safe deposit box that is either titled in the name of any of the defendants, individually or jointly, or is otherwise subject to access by any of the defendants;

D. Upon request by the Receiver or the CFTC, promptly provide the Receiver and the CFTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. Cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the defendants' accounts.

*Repatriation of Funds and Assets*

### IV.

**IT IS FURTHER ORDERED** that within five (5) business days following the service of this Order, the defendants shall:

- A. Provide the CFTC and the Receiver with a full accounting of all funds, documents, and assets outside of the United States which are held by them, for their benefit, or under their direct or indirect control, whether jointly or singly; and

- B. Transfer to the territory of the United States and deliver to the Receiver all funds, documents, and assets located in foreign countries which are held by them, for their benefit, or under their direct or indirect control, whether jointly or singly.

*Temporary Receiver*

### V.

**IT IS FURTHER ORDERED** that KELLY CRAWFORD, 5956 SHERRY LN #1400, DALLAS, TX 75225; (214)(706)-4200, is appointed temporary Receiver for defendants and any affiliates, subsidiaries, or holding companies of defendants PIC, Inforex, and Tri-Forex with the full powers of an equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

### VI.

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A. Assume full control of the defendants by removing any officer, independent contractor, employee, or agent of the defendants, from control and management of the affairs of the defendants;

B. Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of the defendants, wherever situated. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the defendants, including documents related to customers or clients whose interests are now held by or under the direction, possession, custody or control of the defendants. The Receiver shall have discretion to determine that certain personal property or other assets of the defendants shall be under the Receiver's control, but shall remain in the possession or custody of the defendants;

C. Take all steps necessary to secure the business premises of the defendants and any and all other premises under the control of the defendants;

D. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients;

E. Prevent the withdrawal or misapplication of funds entrusted to the defendants, and otherwise protect the interests of customers or clients;

F.   Manage and administer the defendants by performing all acts incidental thereto that the receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

G.   Collect all money owed to the defendants;

H.   Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the defendants or to carry out his or her duties pursuant to this Order;

I.   Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J.   Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

K.   Open one or more bank accounts as designated depositories for funds of the defendants. The Receiver shall deposit all funds of the defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts; and

L.   Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the defendants prior to the date of

entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of the defendants.

### VII.

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, defendants, and any other person or entity served with a copy of this Order, shall forthwith or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

A. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the defendants;

B. Possession and custody of documents of the defendants, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. Possession and custody of all funds and other assets belonging to members of the public now held by the defendants;

D. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the defendants, including but not limited to, access to the defendants' business premises, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, employees, properties or other assets or obligations of the defendants.

## VIII.

**IT IS FURTHER ORDERED** that the defendants shall cooperate fully with and assist the Receiver. The defendants' cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the defendants that all debts should be paid directly to the Receiver.

## IX.

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, the defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, assets or property of the defendants or any assets or property claimed by the defendants, or attempting to foreclose, forfeit, alter or terminate any of the defendants' interests in assets or property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the

purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any assets or property, wherever located, owned by or in the possession of the defendants, or the Receiver, or any agent of the Receiver; and

D. Doing any act or thing to interfere with the Receiver taking control, possession or management of the assets or property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the defendants. This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

X.

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court. The CFTC shall have the right to object to any fee application made by the Receiver.

*Maintenance of and Access to Business Records*

**XI.**

IT IS HEREBY ORDERED that the defendants and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of any defendant.

*Inspection of Books and Records*

**XII.**

IT IS FURTHER ORDERED that representatives of the CFTC be immediately allowed to inspect the books, records, and other documents of the defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of the defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

*Service of Order*

**XIII.**

IT IS FURTHER ORDERED that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any defendant, or that may be subject to any provision of this Order.

**XIV.**

IT IS FURTHER ORDERED that the United States Marshals Service is directed to: (a) assist the CFTC in the service of the summons, complaint, and this statutory restraining Order on

the defendants; and (b) assist the Receiver in taking control and custody of the assets, records and business premises of the receivership defendants.

*Expedited Discovery*

XV.

**IT IS FURTHER ORDERED** that in accordance with Federal Rules of Civil Procedure 26(d) and 30(a), the parties and the Receiver are granted leave, at any time after service of this Order, to take the deposition of and demand the production of documents from any person or entity; seventy-two (72) hours notice shall be deemed sufficient for any such deposition and for the production of any such documents. The limitations and conditions set forth in Federal Rule of Civil Procedure 30(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Paragraph. Nor shall any depositions taken pursuant to this Paragraph count towards the ten deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A).

XVI.

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

SO ORDERED, at Dallas, Texas on this ___2nd___ day of March 2005, at ___2:30 p.___m.

_____
UNITED STATES DISTRICT JUDGE